**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **HERMES IP MANAGEMENT LLC,** | |
| *Plaintiff*, | **Civil Action No. 2:24-cv-540** |
| v. | **JURY TRIAL DEMANDED** |
| **SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.,** | |
| *Defendants*. | |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Hermes IP Management LLC ("Hermes"), for its Complaint against Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung" or "Defendants") states as follows:

**NATURE OF THE CASE**

1.     This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 et seq., including 35 U.S.C. §§ 271, 281, 283, 284, and 285.

**PARTIES**

2.     Plaintiff Hermes is a corporation organized and existing under the laws of the State of Texas, with its principal place of business at 8105 Rasor Boulevard, Suite 210 Plano, Texas 75024.

3.     Defendant Samsung Electronics Co., Ltd. is a corporation organized and existing under the laws of the Republic of Korea, and located at 129 Samsung-ro, Yeongtong-gu, Suwonsi, Gyeonggi-do, Republic of Korea.

4.     Defendant Samsung Electronics America, Inc. is a corporation organized and existing under the laws of the state of New York, with its principal place of business at 85

Challenger Road, Ridgefield Park, New Jersey 07660 and offices and/or other facilities at least at 1301 East Lookout Drive, Richardson, Texas 75082; and 6625 Excellence Way, Plano, TX 75023. Samsung Electronics America, Inc. may be served through its registered agent for service of process, CT Corporation System, 1999 Bryan St., Suite. 900, Dallas, Texas 75201.

5. Defendant Samsung Electronics America, Inc. is a wholly owned subsidiary of Samsung Electronics Co., Ltd.

6. Defendant Samsung Electronics Co., Ltd. is composed of three business units. One business unit (the CE Division) makes and sells consumer electronics, such as televisions and refrigerators. A second business unit (Mobile Division) makes and sells mobile devices, such as smartphones and tablets. A third business unit (LSI Division) makes and sells semiconductor chips, such as application processors, which are incorporated into smartphones, such as those made and sold by the Mobile Division.

7. Defendant Samsung Electronics America, Inc. is the U.S. subsidiary that sells Samsung's consumer electronics and mobile devices in the United States, including those that incorporate the infringing technologies.

8. Defendants have and/or maintain authorized sellers and sales representatives that offer and sell products pertinent to this Complaint throughout the State of Texas, including this District and to consumers throughout this District, such as: The Samsung Experience Store, 2601 Preston Road, Frisco, TX 75034.

**JURISDICTION AND VENUE**

9. This action arises under the patent laws of the United States, Title 35 of the United States Code ("U.S.C.") § 101 et seq.

10. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

2

11. This Court has personal jurisdiction over Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. because, directly or through intermediaries, each has committed acts within the Eastern District of Texas giving rise to this action and/or has established minimum contacts with the Eastern District of Texas such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

12. For example, Samsung Electronics America maintains regular and established place offices in the Eastern District of Texas, including 6625 Excellence Way, Plano, TX 75023.

13. Further, on information and belief, Samsung Electronics Co., Ltd. directs and controls the actions of Samsung Electronics America such that it too maintains regular and established offices in the Eastern District of Texas, including 6625 Excellence Way, Plano, TX 75023.

14. In addition, Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc. have placed or contributed to placing infringing products into the stream of commerce via an established distribution channel knowing or understanding that such products would be sold and used in the United States, including in the Eastern District of Texas.

15. On information and belief, Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc. also have each derived substantial revenue from infringing acts in the Eastern District of Texas, including from the sale and use of infringing products.

16. Venue is proper under 28 U.S.C § 1391(b)-(c) and 28 U.S.C. § 1400.

17. In particular, Samsung Electronics Co., Ltd. is a corporation organized and existing under the laws of the Republic of Korea, and Samsung Electronics America, Inc. has maintained regular and established places of business at 6625 Excellence Way, Plano, TX 75023.

3

18.    On information and belief, each Defendant exercises direction and control over the performance of each other Defendant, or they form a joint enterprise such that the performance by one Defendant is attributable to each other Defendant.

## THE ASSERTED PATENTS

19.    On October 7, 2014, U.S. Patent Number 8,855,720 (the "'720 Patent"), entitled "Method and Apparatus for Providing a Plurality of Screens in Idle State of Mobile Terminal," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '720 Patent is attached as Exhibit A to this Complaint.

20.    The '720 Patent issued from U.S. patent application Serial Number 13/466,699 filed on May 8, 2012, claims priority to U.S. patent application No. 11/911,277 filed on June 15, 2006, and discloses and relates to setting an idle screen to be displayed in an idle state of a mobile terminal among a plurality of screens usable as the idle screen.

21.    The '720 Patent claims patent-eligible subject matter and is valid and enforceable.

22.    Hermes is the sole owner of all rights, title, and interest in and to the '720 Patent including the right to sue for and collect past, present, and future damages and to seek and obtain injunctive or any other relief for infringement of the '720 Patent.

23.    On April 4, 2017, U.S. Patent Number 9,613,060 (the "'060 Patent"), entitled "Location-Based Service Method and System Using Location Data Included in Image Data," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '060 Patent is attached as Exhibit B to this Complaint.

24.    The '060 Patent issued from U.S. patent application No. 11/911,879 filed on April 19, 2006, claims priority to Korean patent application No. 10-2005-0032452 filed on April 19,

2005, and discloses and relates to a location based method using image data provided by a terminal equipped with a camera.

25. The '060 Patent claims patent-eligible subject matter and is valid and enforceable.

26. Hermes is the sole owner of all rights, title, and interest in and to the '060 Patent including the right to sue for and collect past, present, and future damages and to seek and obtain injunctive or any other relief for infringement of the '060 Patent.

27. On September 17, 2013, U.S. Patent Number 8,537,977 (the "'977 Patent"), entitled "Apparatus and Method for Voice Processing in Mobile Communication Terminal," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '977 Patent is attached as Exhibit C to this Complaint.

28. The '977 Patent issued from U.S. patent application No. 12/525,050 filed on April 4, 2008, claims priority to Korean patent application No. 10-2007-0035046 filed on April 10, 2007and Korean patent application No. 10-2008-0016382 filed on February 22, 2008, and discloses and relates to voice processing operating with a first and a second microphone.

29. The '977 Patent claims patent-eligible subject matter and is valid and enforceable.

30. Hermes is the sole owner of all rights, title, and interest in and to the '977 Patent including the right to sue for and collect past, present, and future damages and to seek and obtain injunctive or any other relief for infringement of the '977 Patent.

## THE ACCUSED PRODUCTS

31. Defendants make, use, sell, offer for sale, and/or import into the United States consumer electronics that infringe at least claims 1-5, 8-11 of the '720 Patent (the "'720 Accused Products").

5

32. The '720 Accused Products include, but are not limited to the Samsung Galaxy A Series, Samsung Galaxy M Series, Samsung Galaxy S Series, Samsung Galaxy Z Series and all other Samsung devices running Android Mobile Operating System 4.4 or later.  A list of exemplary '720 Accused Products is attached hereto as Exhibit D.

33. Defendants make, use, sell, offer for sale, and/or import into the United States consumer electronics that infringe at least claims 1-2, 13 of the '060 Patent (the "'060 Accused Products").

34. The '060 Accused Products include, but are not limited to, the Samsung Galaxy A Series, Samsung Galaxy M Series, Samsung Galaxy S Series, Samsung Galaxy Z Series, and all other Samsung devices running Android 4.4 or later.  A list of exemplary '060 Accused Products is attached hereto as Exhibit D

35. Defendants make, use, sell, offer for sale, and/or import into the United States consumer electronics that infringe at least claims 6-7 of the '977 Patent (the "'977 Accused Products").

36. The '977 Accused Products include, but are not limited to, the Samsung Galaxy A Series, Samsung Galaxy M Series, Samsung Galaxy S Series, Samsung Galaxy Z Series and all other Samsung devices having dual microphones and multi-mic echo cancellation and noise suppression.  A list of exemplary '977 Accused Products is attached hereto as Exhibit E.

## CLAIM I: INFRINGEMENT OF THE '720 PATENT

37. Hermes hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

38. Defendants directly and/or through its subsidiaries, affiliates, agents, and/or business partners, have in the past and continue to directly infringe at least claims 1-5, 8-11 of the

'720 Patent pursuant to 35 U.S.C. §§ 271(a) by making, using, selling, or offering to sell, and/or importing in the United States, the '720 Accused Products.

39.     On information and belief, the '720 Accused Products comprise a mobile terminal for setting an idle screen to be displayed in an idle state among a plurality of screens usable as the idle screen, the mobile terminal includes a user interface configured to be operable by a user; a display unit and a control unit configured to select application programs from application programs installed in the mobile terminal, based on an input from the user interface, wherein each of the selected application programs is allocated to one of the screens so that the screens present shortcut icons of the application programs allocated thereto display, in the idle state, one of the screens as the idle screen on the display unit of the mobile terminal, wherein the currently displayed idle screen presents the shortcut icons corresponding to the application programs allocated thereto display, in response to an idle screen switch request from the user interface, a next one of the screens on the display unit according to an order of the screens, and set a currently displayed screen as the idle screen to be displayed in the idle state wherein the control unit is configured to display, on the display unit, the idle screen with indicators corresponding to the screens, and wherein an indicator corresponding to the screen, which is set as the idle screen, is displayed distinguishably from the rest of the indicators.  *See* Exhibit A-1.

40.     Defendants have actual notice of the '720 Patent and the infringement alleged herein at least as early as August 9, 2023.

41.     Defendants have failed to take adequate steps to determine whether or not they were infringing or would infringe the '720 Patent, despite having been on notice of and lacking permission to practice the '720 Patent.

7

42.    Therefore, Defendants are liable for infringement of the '720 Patent and its infringement has been and continues to be willful in nature.

43.    Plaintiff Hermes has incurred and will continue to incur substantial damages, including monetary damages.

44.    Plaintiff Hermes has been and continues to be irreparably harmed by Defendants' infringement of the '720 Patent.

45.    Therefore, Plaintiff Hermes is entitled to an injunction, actual and/or compensatory damages, reasonable royalties, pre-judgment and post-judgment interest, enhanced damages, and costs.

## CLAIM II: INFRINGEMENT OF THE '060 PATENT

46.    Hermes hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

47.    Defendants directly and/or through its subsidiaries, affiliates, agents, and/or business partners, have in the past and continue to directly infringe at least claims 1-2, 13 of the '060 Patent pursuant to 35 U.S.C. §§ 271(a) by making, using, selling, or offering to sell, and/or importing in the United States, the '060 Accused Products.

48.    On information and belief, the '060 Accused Products practices a location-based service method using image data provided by a terminal equipped with a camera, and using location data that includes location information of the terminal, including generating first image data with the terminal at a predetermined location; receiving location data of the predetermined location; prompting a user to choose whether or not to insert the received location data into the first image data to generate a second image data and, when the user chooses to do so, inserting the received location data into the first image data to generate a second image data; transmitting the

8

second image data, the second image data including the first image data and the location data, to another terminal; receiving, at the another terminal, a selection input for an image corresponding to the second image data, from the user; displaying, at the another terminal, an image corresponding to the first image data, and a menu inquiring about whether to select a location-based service; receiving, at the another terminal, via the displayed menu, a selection input for the location-based service, from the user; receiving, at the another terminal, location-based service data corresponding to the location data of the selected second image data; and providing the location-based service to the another terminal by using the received location-based service data. *See* Exhibit B-1.

49.     Defendants have actual notice of the '060 Patent and the infringement alleged herein at least as early as October 2, 2023.

50.     Defendants have failed to take adequate steps to determine whether or not they were infringing or would infringe the '060 Patent, despite having been on notice of and lacking permission to practice the '060 Patent.

51.     Therefore, Defendants are liable for infringement of the '060 Patent and its infringement has been and continues to be willful in nature.

52.     Plaintiff Hermes has incurred and will continue to incur substantial damages, including monetary damages.

53.     Plaintiff Hermes has been and continues to be irreparably harmed by Defendants' infringement of the '060 Patent.

54.     Therefore, Plaintiff Hermes is entitled to an injunction, actual and/or compensatory damages, reasonable royalties, pre-judgment and post-judgment interest, enhanced damages, and costs.

## CLAIM III: INFRINGEMENT OF THE '977 PATENT

55.     Hermes hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

56.     Defendants directly and/or through its subsidiaries, affiliates, agents, and/or business partners, have in the past and continue to directly infringe at least claims 6-7 of the '977 Patent pursuant to 35 U.S.C. §§ 271(a) by making, using, selling, or offering to sell, and/or importing in the United States, the '977 Accused Products.

57.     On information and belief, the '977 Accused Products are an apparatus for voice processing in a mobile communication terminal, including a first microphone installed on one side of the mobile communication terminal; a second microphone installed on the other side of the mobile communication terminal; a voice and noise processor for bypassing and outputting sound signals received through the first microphone and sound signals received through the second microphone, or canceling and outputting noise from among the first and second sound signals, respectively; a voice recording function processor for encoding signals output from the voice and noise processor; and a controller for controlling operations of the voice and noise processor and the voice recording function processor based on the recording mode of the first and second sound signals.  *See* Exhibit C-1

58.     Defendants have actual notice of the '977 Patent and the infringement alleged herein at least as early as October 2, 2023.

59.     Defendants have failed to take adequate steps to determine whether or not they were infringing or would infringe the '977 Patent, despite having been on notice of and lacking permission to practice the '977 Patent.

60.    Therefore, Defendants are liable for infringement of the '977 Patent and its infringement has been and continues to be willful in nature.

61.    Plaintiff Hermes has incurred and will continue to incur substantial damages, including monetary damages.

62.    Plaintiff Hermes has been and continues to be irreparably harmed by Defendants' infringement of the '977 Patent.

63.    Therefore, Plaintiff Hermes is entitled to an injunction, actual and/or compensatory damages, reasonable royalties, pre-judgment and post-judgment interest, enhanced damages, and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Hermes requests that judgment be entered in favor of Hermes and against the Defendants, and that Hermes be granted the following relief:

(i)    A declaration that the '720 Patent is valid and enforceable;

(ii)    A declaration that the '060 Patent is valid and enforceable;

(iii)    A declaration that the '977 Patent is valid and enforceable;

(iv)    A declaration that Defendants have directly infringed one or more claims of the '720 Patent, either literally and/or under the doctrine of equivalents;

(v)    A declaration that Defendants have directly infringed one or more claims of the '060 Patent, either literally and/or under the doctrine of equivalents;

(vi)    A declaration that Defendants have directly infringed one or more claims of the '977 Patent, either literally and/or under the doctrine of equivalents;

(vii)    An award of damages sufficient to compensate Hermes for Defendants' infringement of the '720 Patent pursuant to 35 U.S.C. § 284;

(viii)    An award of damages sufficient to compensate Hermes for Defendants' infringement of the '060 Patent pursuant to 35 U.S.C. § 284;

(ix)    An award of damages sufficient to compensate Hermes for Defendants' infringement of the '977 Patent pursuant to 35 U.S.C. § 284;

(x)    An award of prejudgment and post-judgment interest pursuant to 35 U.S.C. § 284;

(xi)    A payment of ongoing royalties in an amount to be determined for any continued infringement after the date that judgement is entered;

(xii)    Treble damages for willful infringement as permitted under 35 U.S.C. § 284;

(xiii)    An award of attorneys' fees incurred in prosecuting this action, on the basis that this is an exceptional case provided by 35 U.S.C. § 285;

(xiv)    Enjoin each Defendant, its officers, subsidiaries, agents, servants, and employees, and all persons in active concert with any of the foregoing from further infringement of the '097 Patent; and

(xv)    Such other and further relief as this Court shall deem appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury of any and all issues triable of right before a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED: July 16, 2024                    Respectfully submitted,


                                        By: */Neal Massand/*
                                        Stevenson Moore
                                        Texas Bar No. 24076573
                                        smoore@nilawfirm.com
                                        Timothy T. Wang
                                        Texas Bar No. 24067927
                                        twang@nilawfirm.com
                                        Texas Bar No. 24047205
                                        Neal Massand
                                        Texas Bar No. 24039038
                                        nmassand@nilawfirm.com


                                        **NI, WANG & MASSAND, PLLC**
                                        8140 Walnut Hill Ln., Ste. 615
                                        Dallas, TX 75231
                                        Tel: (972) 331-4600
                                        Fax: (972) 314-0900


                                        *Counsel for Plaintiff*